■ MIDTOWN VEAL & MUTTON CO., INC., Respondent, v. SEYMOUR MENSCH, Individually and as Administrator of the Estate of JACOB MENSCH, Deceased, et al., Appellants, et al., Defendant.— In an action to recover the agreed price and reasonable value of goods sold and delivered, and for other relief, defendants, other than defendant Getzov, appeal from an order of the Supreme Court, Kings County, dated March 3, 1960, granting plaintiff's motion to preclude them from offering any proof to sustain the allegations of their affirmative defense that plaintiff, a New Jersey corporation, was not authorized to do business in this State. A bill of particulars was submitted by said defendants on the return day of the motion. The delay in serving the bill covered a period of approximately five months. Order reversed, without costs, and plaintiff's motion to preclude denied. In our opinion, in view of all the facts and circumstances, it was an improvident exercise of discretion to grant plaintiff's motion for an order of preclusion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ WARREN NARDIN et al., Doing Business as NARDIN AND RADOCZY, Respondents, v. M. MAL DEITCH, Appellant, et al., Defendants.— In an action to recover damages for an anticipatory breach of a contract and to recover for work, labor and services performed and goods furnished pursuant to said contract, the defendant M. Mal Deitch appeals: (1) from so much of a judgment of the Supreme Court, Nassau County, entered January 19, 1960, after a jury trial, as is in favor of plaintiffs and against him; and (2) from an order of said court, dated February 25, 1960, which directs that interest of $1,643.08 be added to the judgment. Judgment insofar as appealed from affirmed, with costs. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CURTIS HARDIN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 1, 1948, after a jury trial, convicting him of first degree robbery, first degree burglary, first degree grand larceny, and two counts of second degree assault, and sentencing him: (a) to serve consecutive terms of 15 to 30 years on the robbery count and 7½ to 15 years on the burglary count; and (b) to serve a term of 5 to 10 years on the grand larceny count and 2½ to 5 years on the two assault counts, the latter two terms to run concurrently with the term on the robbery count. Judgment modified on the facts by providing that the term of imprisonment on the burglary count shall run concurrently with the term of imprisonment on the robbery count. As so modified, judgment affirmed. In our opinion, under all the circumstances, the requirement that defendant shall serve consecutively the terms imposed on these two latter counts, rendered the sentence excessive. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.